IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) ) ) | |
| Plaintiff, ) ) ) | CIVIL ACTION NO. |
| v. ) ) ) | COMPLAINT |
| ) | JURY TRIAL DEMAND |
| UNITED CELLULAR, INC. ) ) | |
| Defendant. ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, to correct unlawful employment practices based on religion by United Cellular, Inc. ("United Cellular" or "Defendant") and to provide appropriate relief to Charles Embry ("Embry"), a former employee of United Cellular and practicing member of the Seventh Day Adventist Church. As alleged with greater particularity below, United Cellular discriminated against Embry by repeatedly failing to reasonably accommodate his sincerely held religious beliefs and practices, by reducing his hours for refusing to violate his

religious commitment not to work on the Sabbath, and by terminating him because of his religion.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Alabama.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission ("Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706 (f)(1) and (3) of Title VII, 42 U.S.C. §§2000e - 5 (f)(1) and (3).

4. United Cellular, a Sprint Preferred Retailer, provides retail services and products to Sprint customers and acts as a liaison between customers and Sprint.

5. At all relevant times, United Cellular, an Alabama corporation, was doing business in the State of Alabama and in the City of Huntsville, Alabama.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701 (b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

7. At all relevant times, Defendant was an employer of Embry.

## STATEMENT OF CLAIMS

8. More than thirty days prior to the institution of this lawsuit, Embry filed a charge with the Commission alleging violations of Title VII by United Cellular. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. In July 2011, United Cellular hired Embry as a full-time Authorized Service Center (ASC) Technician. During Embry's employment, he provided retail services to Sprint customers in the Huntsville, Alabama area.

10. Embry, during his interview with Defendant for the ASC position in July, 2011, informed Defendant that he was a practicing Seventh Day Adventist with sincerely held religious convictions. Moreover, at such time, Embry informed Defendant of his need for religious accommodation. Specifically, Embry explained to Vic Vergara, Service and Repair manager, that his religion prevented him from working during the Sabbath (sundown on Friday to sundown on Saturday).

11. Notwithstanding Embry's request for a religious accommodation, Defendant scheduled Embry to work on Saturday, October 15, 2011, and during other times that conflicted with the Sabbath.

12. Embry did not report to work on October 15, 2011, because of a conflict with the Sabbath. Subsequently Defendant reduced his scheduled hours. Defendant, through Bradley Lacey, Store Manager, informed Embry that his scheduled hours were reduced because Embry missed work on October 15, 2011.

13. Embry was scheduled to work during the Sabbath on December 2, 2011, until 6:30 p.m. Embry reported to work and attempted to contact the manager on duty, Sammi Ali, District Manager, to inform him that he had to leave work prior to the scheduled time because of the Sabbath. Embry could not reach Ali by telephone. Thus, Embry then sent Ali a text message, prior to the Sabbath, indicating he had to leave because of his religious convictions. Later that evening, Ali called Embry and terminated his employment.

14. Embry had a sincerely held, bona fide religious belief that conflicted with an alleged requirement of his employer, United Cellular.

15. Embry repeatedly informed Defendant of his religious belief and religious practices and the conflict with Defendant's alleged employment requirement.

16. Defendant discharged Embry because he failed to comply with the alleged conflicting employment requirement.

17. Defendant refused to reasonably accommodate or offer to reasonably accommodate Embry's religious practices.

18. Defendant could have reasonably accommodated Embry's religious practices without undue hardship.

19. Defendant's alleged explanation for not accommodating Embry constitutes pretext because it is unworthy of credence.

20. The Defendant's unlawful employment practices complained of in paragraphs eight (8) through nineteen (19) were intentional.

21. Defendant's unlawful employment practices complained of in paragraphs eight (8) through nineteen (19) were done with malice or with reckless indifference to Embry's federally protected rights.

22. The effect of the Defendant's practices complained of in paragraphs eight (8) through nineteen (19) has been to deprive Embry of equal employment opportunities and otherwise adversely affect his status as an employee because he participated in conduct protected by Title VII.

23. The effect of the Defendant's practices complained of in paragraphs eight (8) through nineteen (19) has caused Embry to suffer emotional pain and

suffering, inconvenience, mental and anguish, loss of enjoyment of life, future pecuniary losses, and other nonpecuniary losses.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.　Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in religious discrimination against employees, including failing to accommodate sincerely held religious beliefs, or discharging employees for exercising the practices of their sincerely held religious convictions.

B.　Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees, and which eradicate the effects of their past and present unlawful employment practices, including past and present unlawful Title VII discrimination.

C.　Order Defendant to make Embry whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement or front pay in lieu thereof.

D.　Order Defendant to make Embry whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment

practices complained of in paragraphs eight (8) through nineteen (19) above, including, but not limited to, relocation expenses, job search expenses, medical expenses, in amounts to be determined at trial.

  E. Order Defendant to make Embry whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above in paragraphs eight (8) through nineteen (19) above, including compensatory damages, including but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and other non-pecuniary losses in amounts to be determined at trial.

  F. Order Defendant to pay Embry punitive damages for its malicious and reckless conduct described in paragraphs eight (8) through nineteen (19) above, in an amount to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated this 27th day of June, 2013.

RESPECTFULLY SUBMITTED,

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

U.S. Equal Employment Opportunity Commission
131 M. Street E
Washington, DC 20507

*/s/ C. Emanuel Smith*
C. EMANUEL SMITH (MS Bar # 7473)
Regional Attorney
205-212-2131
Emanuel.smith@eeoc.gov


JULIE BEAN (DC Bar #433292)
Supervisory Trial Attorney
205-212-2067
Julie.Bean@eeoc.gov


EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street, South

Birmingham, Alabama 35205
Telephone: 205-212-2045
Facsimile: 205-212-2041